# Holland & Knight

787 Seventh Avenue, 31st Floor | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Mark S. Melodia
+1 212-513-3583
Mark.Melodia@hklaw.com

**MEMO ENDORSED**

October 17, 2025

*Via ECF*

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:  *Weiler v. Wunderkind Corp.*, Case No. 1:25-cv-05854
> *Balogun v. Wunderkind Corp.*, Case No. 1:25-cv-06113
> **Further Response to Plaintiffs' Letter Requesting Consolidation and Leave to File Motion for Appointment of Interim Class Counsel; Update on Efforts to Consolidate *Wine* Action**

Dear Judge Failla:

I write on behalf of Wunderkind Corporation ("Wunderkind") to provide an update on the efforts to consolidate the action *Wine et al. v. Wunderkind Corporation*, Case No. 25CV145737, recently filed in the Superior Court for the State of California, County of Alameda, with the two actions filed against Wunderkind already pending before Your Honor.

On October 9, 2025, we met and conferred with counsel to the *Wine* plaintiffs concerning a voluntary transfer of that action to this Court and consolidation with the *Weiler* and *Balogun* actions. Counsel made clear that they would resist efforts to remove, transfer, and consolidate the *Wine* action. The *Wine* plaintiffs asserted that the *Wine* action could not be removed to federal court under the Class Action Fairness Act ("CAFA") because it involves a California-only putative class—despite Wunderkind being a citizen of Delaware and New York —and indicated that they would oppose transfer and consolidation in S.D.N.Y.

Consolidation of *Wine* with the two actions pending before Your Honor is, nonetheless, appropriate and necessary in the interest of judicial economy. The *Wine* Complaint is based on nearly identical allegations and legal theories as the *Weiler* and *Balogun* actions. It is removable pursuant to CAFA on its face—there is minimal diversity and Plaintiffs allege a putative class of potentially millions of class members seeking, *inter alia*, statutory damages of $5,000 per violation. The proposed *Wine* class moreover overlaps with the classes proposed in *Weiler* and

October 17, 2025
Page 2

*Balogun*, which both seek nationwide classes and California subclasses. *See Balogun* Compl. ¶¶ 102-103; *Weiler* Compl. ¶¶ 176-177.

      Wunderkind's deadline to remove the *Wine* action to the Northern District of California is November 21, 2025, and Wunderkind anticipates that *Wine* will eventually be transferred to this Court and subject to coordination/consolidated with the *Weiler* and *Balogun* actions. In the interim, Wunderkind has no objection to the Court's ruling on the pending requests for leave to file motions to consolidate and appoint interim class counsel. Wunderkind moreover has no objection to consolidation of the *Weiler* and *Balogun* actions, and should consolidation be ordered, would suggest that any deadline for plaintiffs to file a consolidated amended complaint be set in approximately 60-days so as to allow time for the Northern District of California to rule on Wunderkind's anticipated motion to transfer in the *Wine* action.

Sincerely yours,

HOLLAND & KNIGHT LLP


/s *Mark S. Melodia*

Mark S. Melodia

MSM:rc

#528508523_v2

The Court has reviewed Defendant's above supplemental submission in response to Plaintiffs' letter motion to consolidated cases No. 25 Civ. 5854 (KPF) (*Weiler* v. *Wunderkind Corp.*) and No. 25 Civ. 6113 (KPF) (*Balogun* v. *Wunderkind Corp.*) and to set a briefing schedule for appointment of interim class counsel. (*See Weiler* Dkt. #18).

Plaintiffs' motion to set a briefing schedule for appointment of interim class counsel is GRANTED. To accommodate for the possibility of additional related cases being transferred to this district in the near future, the Court adopts an elongated briefing schedule as follows:

- Any opening submissions shall be due on or before **December 2, 2025;**

- Any opposition submissions shall be due on or before **December 23, 2025;** and

- Any reply submissions shall be due on or before **January 6, 2026.**

Furthermore, the parties shall appear for a hearing to discuss the appointment of interim class counsel on **January 21, 2026,** at **10:00 a.m.** The conference will be held in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.

The Court will defer ruling on Plaintiffs' motion to consolidate until the January 21, 2026 conference, in case additional related cases are transferred to this district in the meantime. At the January 21, 2026 conference, the Court also plans to discuss a schedule for Plaintiffs to amend their complaint and Defendant to respond.

In addition, Defendant shall notify the Court on or before **December 2, 2025** of any update in the *Wine* case.

The Clerk of Court is directed to file this endorsement on the dockets of No. 25 Civ. 5854 (KPF) and No. 25 Civ. 6113 (KPF). The Clerk of Court is further directed to terminate the pending motion at docket entry 18 in the *Weiler* v. *Wunderkind Corp.* docket.

Dated:   October 20, 2025            SO ORDERED.
         New York, New York

*[Signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE