UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re Wunderkind Privacy Litigation* | 25 Civ. 5854 (KPF) |
| DANIEL WINE, ALISON BLANK, SANDRA SION, KEVIN SMITH, *individually and on behalf of all others similarly situated,* | |
| Plaintiffs, | 26 Civ. 1933 (KPF) |
| -v.- | **ORDER CONSOLIDATING CASES** |
| WUNDERKIND CORPORATION, | |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

In July 2025, two class actions were filed in this District alleging data privacy violations against Defendant Wunderkind Corporation. (25 Civ. 5854 Dkt. #1 (the "*Weiler* Action"); 25 Civ. 6113 Dkt. #1 (the "*Balogun* Action")). The actions were assigned to this Court, which issued an order on October 20, 2025, setting a schedule for the appointment of lead plaintiff and interim class counsel that culminated in a hearing to be held on January 21, 2026. (Dkt. #26). The Court specifically noted that (i) it was adopting an "elongated briefing schedule" "[t]o accommodate for the possibility of additional related cases being transferred to this district in the near future," and (ii) it was deferring decision on the plaintiffs' motion to consolidate "in case additional related cases are transferred to this district in the meantime." (*Id.* at 3).

On December 2, 2025, counsel for Wunderkind wrote to advise the Court of efforts to transfer a third case, *Wine* v. *Wunderkind* (the "*Wine* Action"), to

this District from the United States District Court for the Northern District of California. (Dkt. #33). After providing a précis of the California proceedings, defense counsel advised this Court that "[t]he *Wine* plaintiffs and their counsel have been apprised of the proceedings before Your Honor, could choose to voluntarily transfer *Wine* to this Court and participate in the motion to appoint interim class counsel, and have chosen not to do so." (*Id.* at 2). The Court endorsed the letter to advise that it would not delay proceedings in the two matters before it to accommodate the *Wine* Action briefing schedule. (Dkt. #34).

On January 21, 2026, the Court held a hearing at which it appointed co-lead plaintiffs and interim co-counsel and granted the motion to consolidate the *Weiler* and *Balogun* Actions. (Dkt. #37 (order consolidating cases); Dkt. #38 (transcript of hearing)). Once again, counsel for Wunderkind expressed its view that the *Wine* Action should be transferred to this District and consolidated with the other two actions, and interim co-counsel for Plaintiffs expressed their agreement. (*See* Dkt. #38 at 4-9, 13-17). The Court's resulting consolidation order again set an elongated briefing schedule, to maximize the possibility that the *Wine* Action would be transferred to this District before the April 24, 2026 deadline for filing the consolidated amended complaint. (Dkt. #37 at 2).

On March 9, 2026, the *Wine* Action was transferred to this District; it was later assigned to this Court. Given the procedural history just outlined, the Court ORDERS the Clerk of Court to file this Order in both cases cited in

the caption; to consolidate the *Wine* Action with "*In re Wunderkind Privacy Litigation*" under the lead Case No. 25 Civ. 5854; and to close Case No. 26 Civ. 1933.  Any future filings by the parties shall be in the lead case only.

SO ORDERED.

Dated:    March 17, 2026
          New York, New York

KATHERINE POLK FAILLA
United States District Judge

3