Holland & Knight

787 Seventh Avenue, 31st Floor | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

August 11, 2026

*via ECF*

The Honorable Katherine Polk Failla
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re: *In re Wunderkind Privacy Litigation*, Case No. 1:25-cv-05854-KPF (S.D.N.Y.)

Dear Judge Failla:

Defendant Wunderkind Corporation ("Wunderkind") hereby gives notice of the Opinion and Order in *In re: Zeta Global Data Privacy Litigation*, No. 25-cv-5780 (PAE), 2026 WL 2254612 (S.D.N.Y. Aug. 5, 2026) ("*Zeta*"), attached hereto as **Exhibit A**, in connection with its Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint (Dkt. 54, the "Motion").

In *Zeta*, the Court granted defendants' motion to dismiss in a website wiretapping class action, finding plaintiffs failed to plead a cognizable injury in fact sufficient to establish Article III standing. In his memorandum opinion, Judge Engelmayer rejected each of plaintiffs' theories of harm, finding the complaint's allegations insufficient to plead an injury closely related to intrusion upon seclusion. *See Zeta,* 2026 WL 2254612 at *7("[Plaintiffs' complaint] is devoid of specifics, either as to the maleficent mechanism by which such tracking was enabled or the data thereby obtained."). It also considered the nature of the data purportedly disclosed—email address, campaign identifiers, campaign context, device and client information and browser information—noting that "this 'less sensitive data' has not been held an adequate basis, without more, to support an injury claim[.]" *Id*. at *9. The Court further reasoned that even if a cognizable injury had been pled, plaintiffs failed to "clear [the] hurdle" of traceability in light of the complaint's allegations about "other data aggregators who also traffic in this type of sensitive information". *Id*. at *8. "These pleadings make plaintiffs' claims of an injury traceable to the wrongs alleged too speculative to stand." *Id*.

The *Zeta* decision supports the arguments made by Wunderkind in its Motion briefing. *See, e.g.*, Mot. at 4-8 (Plaintiffs fail to establish injury in fact under a theory of intrusion upon seclusion because the Complaint pleads only conclusory allegations about disclosure of innocuous information); *id*. at 8-10 (Plaintiffs fail to establish a harm traceable to Wunderkind because they concede various websites and other ad-tech providers may have caused their purported harm). Accordingly, Wunderkind requests that the Court include the *Zeta* decision in its consideration of Wunderkind's pending Motion.

Respectfully submitted,

HOLLAND & KNIGHT LLP

Mark S. Melodia

Cc: Counsel of Record