JANOVE PLLC

Raphael Janove
Shareholder
raphael@janove.law

www.janove.law
T 646-347-3940

115 Broadway, 5th Fl.
New York, NY 10006

1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

979 Osos St., Ste. A5
San Luis Obispo, CA 93401

August 27, 2026

**VIA ECF**

The Honorable Katherine Polk Failla
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *In re Wunderkind Privacy Litigation*, Case No. 1:25-cv-05854-KPF (S.D.N.Y.)**

Dear Judge Failla:

I write on behalf of Plaintiffs in the above-captioned matter to submit a notice of supplemental authority of the order denying defendant's motion to dismiss in *Bradshaw v. Lowe's Home Centers, LLC,* No. 3:25-cv-00742, Dkt. 58 (S.D. Cal. Aug. 26, 2026), Ex. A.

In *Bradshaw*, similar to what Plaintiffs allege here, the plaintiffs alleged that the data trackers on defendant's website allowed third parties "to create 'cradle-to-grave' profiles, including information about who visitors were, what visitors were doing and why, where a user was when they visited the website, and how a user made their way to Defendant's website," as well as the "'full destination URL' of the page requested on Defendant's website." Ex. A at 2–3; *cf.* Dkt. 45 ("FAC") ¶¶ 7*,* 11, 86–92, 113–20, 128, 209, 237. Plaintiffs also alleged "that their browsing information could reveal 'sensitive demographic data' and 'users' financial and socioeconomic statuses.'" Ex. A at 4; *cf.* FAC ¶¶ 19, 21, 111, 263, 267. The court held that these allegations were sufficient to satisfy Article III.

The court rejected defendant's arguments that the allegations needed to be more specific, reasoning that "[a]t the pleading stage, without the benefit of discovery, Plaintiffs are not required to provide the depth of detail that Defendant demands." Ex. A at 4. It then held that plaintiffs adequately alleged an intrusion upon seclusion claim because plaintiffs had alleged "a reasonable expectation of privacy in their browsing data" and defendant failed to show "that Defendant's data collection was not highly offensive as a matter of law." *Id*. at 5–7; *cf.* FAC ¶¶ 207–19, 232–39. The court also observed that "courts in [the Ninth] Circuit have consistently found a reasonable expectation of privacy in cases where browsing history is collected surreptitiously and used to create extensive consumer profiles." Ex. A at 5.

JANOVE PLLC

Finally, the court held that plaintiffs "adequately pleaded monetary harm sufficient to satisfy Article III." *Id.* at 7. In so ruling, the court observed that "'California law requires disgorgement of unjustly earned profits regardless of whether a defendant's actions caused a plaintiff to expend his or her own financial resources directly or whether a defendant's actions directly caused the plaintiff's property to become less valuable.'" *Id.* (quoting *In re Facebook Internet Tracking Litig.*, 956 F.3d 589, 600 (9th Cir. 2020)); *see* FAC ¶¶ 140, 192, 205–06, 227, 245, 308.

Sincerely,

*/s/ Raphael Janove*
Raphael Janove

**JANOVE PLLC**
Raphael Janove
115 Broadway, 5th Fl.
New York, NY 10006
Telephone: (646) 347-3940
E-mail: raphael@janove.law

*One of Attorneys for Plaintiffs and the Proposed Classes*

Cc: All Counsel of Record (via ECF)

Enclosures